# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 1278 | **DATE** | 12/13/2001 |
| **CASE TITLE** | Lawrence W. Haas vs. Village of Hinsdale | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: The Village of Hindale's motion to dismiss paragraph 18 of Count I and all of Count II is granted [6-1], [15-1]. This case is set for status on 1/22/2002 @ 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | DEC 17 2001 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| TSA | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 20

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE W. HAAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 01 C 1278 |
| v. | ) | |
| | ) | Judge Wayne R. Andersen |
| VILLAGE OF HINSDALE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM, OPINION AND ORDER

This case comes before the Court on the motion of the defendant, Village of Hinsdale, to dismiss paragraph 18 of Count I and all of Count II of the plaintiff's First Amended Complaint. For the following reasons, we grant the motion to dismiss.

## BACKGROUND

The plaintiff began working as a tree trimmer for the Village of Hinsdale in 1978. On August 21, 1997 the plaintiff injured his lower back while performing his duties at work. After the injury, plaintiff returned to work and performed light duty tasks for the defendant. In a letter dated January 26, 2000, the defendant discharged plaintiff from his employment as a tree trimmer.

On March 23, 2000, plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") alleging that the defendant discriminated against him due to his physical handicap. A right to sue letter was issued by the EEOC on November 27, 2000. Plaintiff then filed suit in this Court alleging a violation of the Americans with Disability Act ("ADA") and intentional infliction of emotional distress.

In his First Amended Complaint, plaintiff alleges that he was a disabled person who could perform the essential functions of his job with a reasonable accommodation. Plaintiff alleges that he returned to work with restrictions and was satisfactorily performing his duties. Plaintiff alleges that when defendant unilaterally decided that it could no longer offer plaintiff light duty work, it refused an interactive conference to reach a reasonable accommodation on the plaintiff's physical disabilities. Plaintiff claims that the defendant's actions in discharging him violated the ADA. Paragraph 18 of Count I further alleges that the defendant discriminated against the plaintiff by failing to rehire him after his discharge. Count II of the First Amended Complaint alleges a cause of action for the state law claim of intentional infliction of emotional distress.

## DISCUSSION

In deciding a motion to dismiss, the court must assume the truth of all facts alleged in the complaint. The court must construe the allegations liberally and view them in the light most favorable to the plaintiff. Wilson v. Formagioni, 42 F.3d 1060, 1062 (7th Cir. 1994); McMath v. City of Gary, Ind., 976 F.2d 1026, 1031 (7th Cir. 1992). "Dismissal is properly granted if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Cushing v. City of Chicago, 3 F.3d 1156, 1159 (7th Cir. 1993) (quoting Hishon v. King Spalding, 467 U.S. 69, 73 (1984)).

I. Count I

Defendant first argues that the failure to rehire allegations contained in paragraph 18 should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). We agree.

In general, a plaintiff may not include any claims in a judicial complaint that are not present in the EEOC charge. Lamas v. Freeman Decorating Co., 37 F. Supp.2d 1105, 1106

2

(N.D. Ill. 1999). This rule gives the employer warning of the aggrieved conduct and provides the EEOC and the employer an opportunity for settling the dispute. Id. Accordingly, a plaintiff may pursue a claim not asserted in the EEOC charge only if such claim is reasonably related to a claim properly included in the EEOC charge. Sauzek v. Exxon Coal USA, Inc., 202 F.3d 913, 920 (7th Cir. 2000). A failure to rehire claim is not reasonable related to an EEOC charge alleging discriminatory discharge. Id. As the Seventh Circuit state in Sauzek:

> An EEOC charge alleging age discrimination in a termination alerts neither the EEOC nor the employer that a charge of discriminatory failure to rehire maybe forth coming. Thus, to properly maintain both a termination claim and a failure to rehire claim, plaintiff must include both allegations in charges with the EEOC. Id.

As in Sauzek, the plaintiff's EEOC charge in this case states only a charge for discriminatory discharge. The plaintiff marked the date the action took place as January 26, 2000, the date of discharge. Plaintiff did not check the continuing action box or list any other dates on which the defendant discriminated against him. Moreover, the charge makes no mention of a discriminatory failure to rehire. As a result, plaintiff's failure to rehire claim is not reasonably related to the discrimination claim. For these reasons, we dismiss paragraph 18 of Count I of the plaintiff's First Amended Complaint.

II. Count II

Count II of plaintiff's First Amended Complaint alleges a state law tort action for intentional infliction of emotional distress. Defendant argues that the intentional infliction of emotional distress count is preempted by the Illinois Human Rights Act ("IHRA") because it is "inextricably linked" to a claim for a civil rights violation under the IHRA. Defendant moves

the Court to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

The IHRA limits both state and federal court jurisdiction by removing from those courts' purview all "civil rights violations" covered by the Act. Geise v. Phoenix Co. of Chicago, 159 Ill.2d 507, 514-15, 203 Ill. Dec. 454, 639 N.E.2d 1273, 1276 (1994). Thus, if a state common law claim is in essence one that seeks redress for a "civil rights violation" as defined by the Act, this Court lacks jurisdiction to adjudicate the claim. Id. at 516, 203 Ill. Dec. 454, 639 N.E.2d at 1276. A "civil rights violation" occurs when an employee is terminated on the basis of "unlawful discrimination." 775 ILCS 5/2-102. "Unlawful discrimination," in turn, includes "discrimination against a person because of his or her . . . handicap." 775 ILCS 5/1-103.

The test for determining whether a claim is subject to IHRA preemption was clarified by the Illinois Supreme Court in Geise v. Phoenix Co. The pivotal question is whether the claim is "inextricably linked" to a civil rights violation. 159 Ill.2d at 516-17, 203 Ill. Dec. at 458, 639 N.E.2d at 1277. See also Krocka v. City of Chicago, 203 F.3d 507, 516 (7th Cir. 2000). In this case, we find that plaintiff's intentional infliction of emotional distress claim is "inextricably linked" to his employment discrimination claim.

The factual allegations set forth in Count I of the plaintiff's complaint are re-alleged and incorporated by reference as the facts supporting the plaintiff's intentional infliction of emotional distress claim. Plaintiff alleges that the defendant inflicted emotional distress by refusing to meet with him to discuss any accommodations that would allow plaintiff to continue his employment with defendant.

4

Without the allegation of discrimination, plaintiff has no basis for imposing liability for intentional infliction of emotional distress. Thus, we conclude that the intentional infliction of emotional distress claim is inextricably linked to the discrimination claim, and the claim is preempted by the IHRA. Moreover, we note that these allegations fall far short of being "extreme and outrageous" as is required to state a valid claim for intentional infliction of emotional distress. Accordingly, we lack jurisdiction to hear the intentional infliction of emotional distress claim and, therefore, we grant the defendant's motion to dismiss Count II of the First Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Village of Hinsdale's motion to dismiss paragraph 18 of Count I and all of Count II is granted. This case is set for status on January 22, 2002 at 9:00 a.m.

Wayne R. Andersen
United States District Judge

Dated: December 13, 2001